IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL LYNN CUMMINGS,<br><br>        Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | CV F 05-1553 AWI<br>(CR F 05-0111 AWI)<br><br>ORDER DENYING MOTION<br>TO AMEND, VACATE OR SET<br>ASIDE THE SENTENCE<br><br>(28 U.S.C. § 2255) |

## INTRODUCTION

Petitioner April Lynn Cummings ("Petitioner") seeks relief under 28 U.S.C. section[1] 2255 from the sentence of 6 months imprisonment and 36 months supervised release that was imposed by this court on August 17, 2005, following petitioner's entry of a plea of guilty to one count of making a false statement on a passport application in violation of 18 U.S.C., section 1542.  For the reasons that follow, Petitioner's motion will be denied.

## FACTUAL AND PROCEDURAL HISTORY

Petitioner entered a plea of guilty to a single count of making a false statement on a passport application on May 16, 2005.  The plea of guilty was made pursuant to the terms of a negotiated plea agreement.  Pertinent to the instant motion, the plea agreement provided that

---

[1] References to section numbers hereinafter refer to sections of Title 28 of the United States Code unless otherwise specified.

Petitioner would receive the benefit of a two-point downward departure for acceptance of responsibility, that she would be sentenced at the bottom end of the applicable recommended sentencing range, and that the Government would not seek an upward adjustment in the calculation of Petitioner's criminal history score on the basis of underrepresentation of Petitioner's prior criminal history.

A Presentence Investigation Report ("PIR") was prepared by the Probation Department preparatory to the sentencing hearing on August 15, 2005. Pertinent to the discussion here, the PIR noted that during the interview for the PIR "appeared to fade in and out of reality. She told a long, disjointed story about her childhood which included reported sexual abuse when she was a child." PIR at 4. The PIR concluded that "the focus of any supervision should be mental health treatment." PIR at 16. The PIR also noted that, by the time the sentence was imposed and judgment entered, Petitioner would be very close to timing out as to her term of prison custody.

Plaintiff's instant motion for habeas relief was originally filed as a petition pursuant to 28 U.S.C., section 2241. Petitioner's section 2441 petition, which was filed on December 6, 2005, is somewhat convoluted but appears to allege that Petitioner had been involved in three cases in Santa Barbara County wherein Petitioner was falsely accused and/or convicted of child abuse/neglect, conspiracy to commit prostitution, and attempted kidnap of her younger children. The 2241 petition alleges that in the process of her embroilment in the custody battle over her children, Petitioner discovered the existence of a "ring of pedophiles" that she alleges includes the District Attorney, a judge, a public defender "and 50 other men from Santa Maria that [Petitioner] can name." Petitioner's action pursuant to section 2241 appears to allege that, as a result of Petitioner's discovery of the "pedophile ring," Petitioner has been subject to retaliatory prosecution and is the subject of a "contract" for her assassination. An examination of the names Petitioner lists in her 2241 petition indicates that most of the persons she alleges are part of the "pedophile ring" in Santa Barbara County are court or law enforcement officers or are persons who are otherwise connected in some way with Petitioner's custody dispute. Petitioner alleges

she used the identity of her adult daughter to obtain a passport because she needed to leave the country undetected by authorities in order to escape the death threat posed by law enforcement officials seeking to retaliate against her.

Petitioner's original 2241 petition challenges her conviction and sentence on the ground Petitioner was denied effective assistance of counsel because her attorney failed to secure Petitioner's release on bail and thereby deprived Petitioner of the opportunity of an adequate defense based on facts Petitioner could have gathered while released on bail. Petitioner alleges that she would have been able to produce proof of facts that would have proven her claims of threat and retaliatory prosecution. On March 6, 2006, the Magistrate Judge issued findings and recommendations that the petition pursuant to section 2241 be dismissed for failure to state a cognizable claim. The Magistrate Judge ordered Petitioner to submit a habeas petition pursuant to section 2255 by July 24, 2006. That date was later extended. The instant motion for relief pursuant to section 2255 was filed on October 11, 2006.

Petitioner's habeas petition pursuant to section 2255 is somewhat confusing but appears to allege three parts. First, Petitioner alleges she was denied effective assistance of counsel by her defense attorney in the federal case who "lied to me, intimidated me into a plea agreement, and helped [Probation Department personnel] devise a negative presentence report; generated by my abusers (i.e.) [named individuals] of Santa Barbara County D.A.'s office." Petitioner also alleges she was not allowed to assist in her own defense. Second, Petitioner appears to challenge a judgment imposed by the Kern County Superior Court for a presumed conviction for "false impersonation." Third, Petitioner seeks to vacate judgments against her by the Santa Barbara County Superior Court for attempted kidnaping of her children and conspiracy to commit prostitution.

**LEGAL STANDARD**

28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the

3

sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (quoting 28 U.S.C. § 2255) (emphasis in the original).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996) (internal quotations omitted), cert. denied, 520 U.S. 1269, 117 (1997).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. Id. Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir.1980), cert. denied, 451 U.S. 938 (1981).

## DISCUSSION

Petitioner's claims against the superior courts of Kern and Santa Barbara Counties appear to be based solely on Petitioner's stated belief that this court has "superior jurisdiction" over the proceedings or judgments of state courts. This is not the case. 28 U.S.C., section 2255 permits a prisoner in custody as a result of the judgment of a "court established by Act of Congress" to challenge his sentence on a number of listed grounds. Section 2255 does not grant federal courts (i.e. courts established by Act of Congress) jurisdiction over judgments of state courts. A person confined as a result of a judgment in a state court may challenge the validity of his sentence pursuant to section 2254, but only after all remedies available in the courts of the state have been exhausted. 28 U.S.C. § 2254(b)(1). Because Petitioner's instant action is pursuant to section 2255, the court cannot address Petitioner's claims as they pertain to proceedings or judgments in state courts.

To the best of this court's ability to decipher Petitioner's section 2255 claims, they boil

4

down to a claim of ineffective assistance of counsel. Specifically, Petitioner alleges that her attorney lied to her, intimidated her into signing the plea agreement, and colluded with others to produce a "negative" PIR. Petitioner also appears to allege she was prevented from participating in her own defense, although it is not clear whether this allegation is aimed at Petitioner's attorney or at persons connected with Petitioner's state actions.

To establish a constitutional violation for the ineffective assistance of counsel, a defendant must demonstrate (1) a deficient performance by counsel, and (2) prejudice to him. United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir.1993). To prove a deficient performance of counsel, Petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir.1985). To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). A court addressing a claim of ineffective assistance of counsel need not address both prongs of the Strickland test if the plaintiff's showing is insufficient as to one prong. Id. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

Petitioner's allegations all suffer from the same defect; lack of factual specificity. As previously noted, mere conclusory statements in a section 2255 motion are insufficient to require a hearing. Hearst, 638 F.2d at 1194. Petitioner's allegation that her attorney lied to Petitioner is nothing more than that; an allegation devoid of any facts to indicate what untrue statements were made or how Petitioner relied on those statements to her detriment. Likewise, there is no allegation as to how Petitioner was coerced or intimidated, what threats were made and by whom.

As to Petitioner's claim that her attorney colluded to produce a negative PIR, there is no indication of what information contained in the PIR was, or might have been, the product of

collusion.  So far as the court can determine by inspection, the information contained in the PIR appears to be the product of the combination of public record and the Probation Department's interview of Petitioner, as well as interviews with identified third parties.  Further, there is no indication of how Petitioner comes to the conclusion the PIR was "negative."  This court has reviewed the PIR and finds that the facts set forth therein appear to be supported and that the report, taken as a whole, fairly reflects Petitioner's social and criminal history.  The PIR also offers insight into Petitioner's condition that is highly relevant to the court's effort to craft a sentence that addresses both the Government's and Petitioner's needs.  If the PIR is the result of some substandard behavior on the part of her attorney, then Petitioner has failed to identify how that substandard behavior resulted in any prejudice to her.

Finally, Petitioner's claim that she was unable to participate in her own defense also must fail for a lack of factual specificity.  Even if the court were to presume that the basis for Petitioner's claim is that her attorney failed to secure her release so that she could gather evidence to prove her case against the officials from Santa Barbara County, the court could not provide any relief because Petitioner does not allege facts to show that her incarceration was unconstitutional in any way or that there was something that prevented Petitioner from transmitting the necessary information to her attorney.  To the extent Petitioner may be basing her claim on the fact she was not allowed to raise a necessity defense, that claim must also fail.  Petitioner has not made the necessary showing that her attorney's performance fell below a reasonable standard when the attorney made the tactical decision to recommend a plea of guilty instead of proceeding to trial on the theory that Petitioner was being threatened by a "pedophile ring" in Santa Barbara County that coincidentally included all of the people involved in her legal problems in that county.  See Wildman v. Johnson, 261 F3d 832, 839 (9th Cir. 2001) (a defendant's disagreement with attorney's tactical decisions cannot be the basis of a claim for ineffective assistance).

1    The court finds Petitioner has failed to set forth any facts to support any of the claims this
2 court has jurisdiction to consider.  Because mere allegations are nothing more than mere
3 conclusory statements, Petitioner is not entitled to a hearing on her claims and the motion to
4 vacate, amend or set aside the judgment must be denied.

6    THEREFORE, in accord with the foregoing discussion, Petitioner's motion to vacate,
7 correct or set aside the sentence pursuant to section 2255 is hereby DENIED.  The Clerk of the
8 Court shall CLOSE the CASE.

10 IT IS SO ORDERED.

11 **Dated:     September 27, 2007**              /s/ Anthony W. Ishii
                                                UNITED STATES DISTRICT JUDGE